<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :   Chapter 13
In re:                                                     :
                                                           :   Case No. 22-22517(CGM)
    Valrie Henry,                                       :
                                                           :
                                              Debtor.      :
                                                           :
-----------------------------------------------------------X

# MEMORANDUM DECISION DENYING REQUEST TO REOPEN THE CASE

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate)

## Background

Reverend Juan-Jose Brookins moves to reopen this case. Wells Fargo and the chapter 13 trustee have opposed the motion. There is no legal or factual basis provided in the Motion which would permit the Court to re-open the case and grant Debtor the extraordinary relief sought.

## Discussion

Under § 350(b), a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. Reverend Brooks seeks to reopen this case in order to have this Court address his proof of claim.

Pursuant to 11 U.S.C. § 1307, the Court may dismiss a case for cause. Cause includes, but is not limited to: "(1)unreasonable delay by the debtor that is prejudicial to creditors; … (4)failure to commence making timely payments under section 1326 of this title." The Court is also required to dismiss a case where tax returns are not timely filed. 11 U.S.C. § 1307(e) ("Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.").

The Debtor's case was dismissed because she failed to make timely plan payments. She also did not have a feasible plan, failed to provide the trustee with Trustee with copies of payment advices, proof of income, or other evidence of payment received from any employer within the last 60 days before the filing of the petition, failed to file with the Court evidence that the Debtor has completed an instructional course concerning personal financial management, Debtor failed to file with the Court a certification that all amounts payable under a domestic support obligation have been paid, and failed to comply with 11 U.S.C. § 521(e)(2)(A)(i) in that the Debtor has not provided the Trustee with a copy of Federal and State income tax returns or transcripts for the most recent year 7 days before the first meeting of creditors.

The Court declines to reopen this case to address Reverend Brooks' claim as addressing his claim would not fix the deficiencies in this case created by the Debtor, which caused the

dismissal.  Dismissal of the bankruptcy case revests all property of the estate in the Debtor.  11 U.S.C. § 349(b)(3); *In re Halabu*, 501 B.R. 685, 698 (Bankr. E.D. Mich. 2012).  Reverend Brook is free to pursue his claim against the Debtor outside of the bankruptcy court.

## Conclusion

For the foregoing reasons, the motion to reopen is denied.  The chapter 13 trustee shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders).



**Dated: May 24, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**